UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIPT # 57190
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE  7-12-04

| | |
|---|---|
| SAVINGS BANK EMPLOYEES RETIREMENT ASSOCIATION,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>EAST BOSTON SAVINGS BANK;  )<br>BELMONT SAVINGS BANK;  )<br>CAPE COD FIVE CENTS  )<br>SAVINGS BANK;  )<br>BRIDGEWATER SAVINGS  )<br>BANK; SOUTH SHORE SAVINGS  )<br>BANK; and WORONOCO  )<br>SAVINGS BANK,  )<br><br>Defendants.  ) | CIVIL ACTION<br>NO. 04-2614 C<br><br>On Removal from the Superior Court Department of the Trial Court of Suffolk County, Commonwealth of Massachusetts<br><br>04 11545 EFH<br>MAGISTRATE JUDGE _____ |

## NOTICE OF REMOVAL

The defendants hereby remove the above captioned action to the United States District Court for the District of Massachusetts. This action was commenced in the Superior Court for the Trial Court of Massachusetts, Suffolk County, on June 15, 2004; the initial pleading was first served on the defendants less than 30 (thirty) days ago, on June 28, 2004. This case is removable under 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1) because the plaintiff, Savings Bank Employees Retirement Association ("SBERA"), asserts claims that are governed by and subject to the laws of ERISA, and any alternative claims are completely preempted by ERISA.[1]

---

[1] Attached as Exhibit A is the margin order by the Honorable William Young where he held that federal jurisdiction existed over similar claims brought by the same plaintiff against another group of Savings Bank defendants who also objected to payment of SBERA's post-termination fees.

SBERA's Complaint alleges that the defendants owe it post-termination fees assessed pursuant to by-laws and provisions of SBERA's ERISA benefit plans. The complaint asserts two counts, each of which is governed and/or preempted by ERISA. Count I seeks to collect amounts allegedly due SBERA as the result of the defendants withdrawal of assets from SBERA's plans. See Complaint ¶9. Count II alleges that the defendants committed unfair business practices under Mass. Gen. Law. c. 93A by failing to pay assessment fees upon withdrawal from SBERA's plans. See Complaint ¶11-12. This Court has jurisdiction over SBERA's claims.

### A.   SBERA's Complaint Asserts A Claim Under ERISA.

SBERA's claims are governed by and subject to ERISA. The By-Laws to SBERA's plans state:

> The provisions of the [Participating Employer's] Plan and the [SBERA] by-laws shall be construed according to the Employees Retirement Income Sercurity [sic] act of 1974 and the regulations issued by the Internal Revenue Service and the Department of Labor of the United States and the laws of the Commonwealth of Massachusetts. Any conflict between ERISA and/or the regulations issued thereunder and the Laws of Massachusetts shall be resolved by compliance with ERISA and the regulations thereunder.

See § 5.1, of the SBERA By-Laws, which are attached as Exhibit B. SBERA's By-Laws also define the legal obligations of SBERA's trustees and provide individuals covered under the plan with specific legal rights. See SBERA By-Laws, §§ 2.3 (Authority and Liability of Trustees), 2.10 (Claims Procedure), and 4.3 (Fiduciary Obligations). Accordingly, SBERA's By-Laws are part of SBERA's plan documents. Doe v. Travelers Ins. Co., 167 F.3d 53, 59 (1st Cir. 1999) (a formal legal document that underpins the plan by giving participants rights thereunder, e.g., by including a claims procedure for the plan, is part of the plan for purposes of ERISA).

Count I of SBERA's Complaint seeks to enforce a resolution of SBERA's trustees that must, pursuant to the trustee's authority, look to the provisions of SBERA's By-Laws and its ERISA governed plans as the basis for their action. Accordingly, SBERA's claims fall under Section 503(a)(3) of ERISA. Section 503(a)(3) provides that a civil action may be brought <u>by a fiduciary</u>, (A) "<u>to enjoin any act or practice which violates</u> any provision of this title or <u>the terms of the plan</u>, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (II) to enforce any provisions of this title or <u>the terms of the plan</u>." Section 502(f) of the ERISA Act unambiguously gives the district courts of the United States jurisdiction over causes of action arising under § 502(a). <u>See</u> <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66 (1987) (stating that Congress has manifested an intent to make causes of action within the scope of §502(a) removable to federal court); <u>Mange v. Petrolite Corp.</u>, 1995 WL 926-18 (E.D. Mo. 1995) (where plaintiff's claim for non-ERISA covered vacation benefits was tied on the face of the complaint to the interpretation and application of other ERISA covered plans, removal was proper).

**B.     ERISA Completely Preempts Any Alternative Claims To Enforce The ERISA Governed Plans.**

This case is also removable because ERISA § 502(a)(3) preempts alternative state law claims that simply seek to enforce the provisions of an ERISA plan. <u>See Romney v. Lin</u>, 105 F. 3d 806, 812 (2d. Cir. 1997) (finding that claims based on an obligation imposed by ERISA "plainly constitutes complete "conflict preemption' conferring federal jurisdiction under ERISA."). Here, SBERA seeks moneys allegedly due under terms of the SBERA plans (including the SBERA By-Laws). Under these circumstances,

ERISA provides SBERA with its only cause of action, and thus, any alternative claims are completely preempted by it.

Accordingly, because plaintiff's complaint alleges claims cognizable under ERISA and is preempted by ERISA, the United States District Court for the District of Massachusetts has original jurisdiction over these claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon the defendant are attached hereto. By removing this action to federal court, defendants do not waive any defenses available to them.

Respectfully submitted,

EAST BOSTON SAVINGS BANK;
BELMONT SAVINGS BANK; CAPE COD
FIVE CENTS SAVINGS BANK;
BRIDGEWATER SAVINGS BANK;
SOUTH SHORE SAVINGS BANK; and
WORONOCO SAVINGS BANK

By their attorneys,

James J. Marcellino  (BBO #318840)
Andrew C. Liazos  (BBO # 556506)
Daniel A. Curto  (BBO # 639443)
McDermott Will & Emery
28 State Street
Boston, Massachusetts 02109
617-535-5000

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 7/12/04

Date: July 12, 2004

BST99 1414936-4.069465.0011