UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAVINGS BANKS EMPLOYEES RETIREMENT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>EAST BOSTON SAVINGS BANK; BELMONT SAVINGS BANK; CAPE COD FIVE CENTS SAVINGS BANK; BRIDGEWATER SAVINGS BANK; SOUTH SHORE SAVINGS BANK; and WORONOCO SAVINGS BANK,<br><br>Defendants. | CIVIL ACTION NO. 04-11545-EFH |

## JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f)

Plaintiff Savings Banks Employees Retirement Association ("Plaintiff") and Defendants East Boston Savings Bank, Belmont Savings Bank, Cape Cod Five Cents Savings Bank, Bridgewater Savings Bank, South Shore Savings Bank and Woronoco Savings Bank ("Defendants") (collectively, "the parties") file this joint statement pursuant to Fed. R. Civ. P. 26(f).

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties will serve their respective initial disclosures on or before October 5, 2004.

### DISCOVERY

I.  Joint Discovery Plan.

The parties anticipate discovery relating to the terms and conditions of participation in and withdrawal from participation in retirement plans administered by the Plaintiff.

FHBOSTON/1103595.1

A. <u>Deadline</u>.

Non-expert discovery will be completed no later than February 1, 2005. Designation of and reports from experts will be served no later than March 3, 2005.

B. <u>Anticipated Discovery Events</u>.

    a. The parties anticipate serving on each opposing party no more than twenty-five (25) interrogatories including all discrete sub-parts. Such interrogatories shall be served on or before November 1, 2004.

    b. The parties anticipate serving on each opposing party no more than one (1) primary and one (1) follow-up request for production of documents. The primary requests for production shall be served on or before November 1, 2004.

    c. The parties anticipate serving on each opposing party requests for admissions in accordance with Fed. R. Civ. P. 36. Such requests for admission shall be served on or before February 1, 2005.

    d. Each of the parties presently anticipates taking no more than ten (10) depositions. The parties respectfully note that they may request leave of the Court to take additional depositions pursuant to Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 26.1(c). In any event, all depositions of non-expert witnesses to be taken by the parties shall be completed by February 1, 2005.

    e. Pursuant to Fed. R. Civ. P. 26(a)(2), any proposed expert(s) who may testify at trial shall be designated and a written report from each such designated expert witness shall be produced no later than March 3, 2005.

The parties reserve the right to request additional discovery if the scope of the case broadens, new parties are added and/or for other good cause shown.

In addition, each of the parties reserves the right to depose any expert witness designated by an opposing party pursuant to Fed. R. Civ. P. 26(a)(2).

II.     Dispositive Motions.

Dispositive motions, if appropriate, shall be filed no later than May 3, 2005. Oppositions shall be filed no later than May 17, 2005. The parties note their current belief that the case might well be submitted to the Court on cross-motions for summary judgment.

III.    Settlement.

The parties have discussed settlement, but there is no practical way for Plaintiff to accept less than the full withdrawal fees from the Defendants because to do so would reduce the withdrawal fees from all banks participating in the retirement plans administered by the Plaintiff. Future settlement discussions are therefore not warranted and the appointment of a mediator or another alternative dispute resolution process is not practicable at this time. Nonetheless, neither party has claimed a trial by jury, and both parties are committed to expeditious resolution.

IV.     Case Management Conferences.

Case management conferences shall be scheduled at the discretion of the Court. The parties shall be entitled to request such conferences if they believe that the case is not progressing in accordance with the anticipated Scheduling Order to be issued by the Court.

Respectfully submitted,

| | |
|---|---|
| SAVINGS BANKS EMPLOYEES RETIREMENT ASSOCIATION, | EAST BOSTON SAVINGS BANK, BELMONT SAVINGS BANK, CAPE COD FIVE CENTS SAVINGS BANK, BRIDGEWATER SAVINGS BANK, SOUTH SHORE SAVINGS BANK, and WORONOCO SAVINGS BANK, |
| By its attorneys, | By their attorneys, |
| *[signature]* | *[signature]* |
| Arthur G. Telegen, BBO #494140<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>(617) 832-1000 | James J. Marcellino, BBO #318840<br>Andrew C. Liazos, BBO #556506<br>Daniel A. Curto, BBO #639443<br>McDermott Will Emery, LLP<br>28 State Street<br>Boston, MA 02109<br>(617) 535-4000 |

Dated: September 15, 2004

### AFFIDAVIT OF SERVICE

I, _[signature]_ depose and state that on this day a true copy of the above document was served upon the attorney of record for each party by mail/~~by hand~~ signed under the pains and penalties of perjury.

Dated: 9/15/04 _[signature]_