

**FOLEY HOAG** LLP

ATTORNEYS AT LAW

Alicia Alonso Matos
Boston Office
617.832.3016
amatos@foleyhoag.com

December 22, 2004

**Via U.S. Mail**

Nicole Colby Longton, Esq.
McDermott, Will & Emory
20 State Street
Boston, MA  02109-1775

Re:    Savings Bank Employees Retirement Association v. East Boston Savings
Bank, et al.

Dear Nicole:

On December 10, 2004, I received defendants' responses to plaintiff's interrogatories. Subsequently, I have received the signature pages to all but one of these responses.

Defendants' responses to plaintiff's interrogatories are incomplete in several respects. First, in their responses to Interrogatory No. 1, each of the defendants has stated its response is "[b]ased on our experience and knowledge in the industry." Did each defendant bank have identical industry experience? Please set out in detail the facts relied upon by each bank.

Second, in the defendants' responses to Interrogatory No. 5, defendants fail to give the basis for their conclusory statement that "SBERA demanded a withdrawal fee that bears no reasonable relationship to its anticipated or actual costs." The Interrogatory asked for the basis of this affirmative defense, not its mere restatement.

Third, defendants' responses to Interrogatory No. 8 are incomplete in that they do not provide dates of communications with the individuals listed, nor the substance of such communications. In some instances, you have only listed the name of a bank and identified no individual associated with that bank. In the case of the response of East Boston Savings Bank, you have listed only Robert Verdonck, which makes no sense.

I request that defendants supplement their response's to plaintiff's interrogatories to be fully responsive as soon as possible. May I hear from you by January 7, 2005?

FHBOSTON/1147160.1

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP          BOSTON          WASHINGTON, DC          www.foleyhoag.com

Nicole Colby Longton, Esq.
December 22, 2004
Page 2

Very truly yours,

Alicia Alonso Matos

cc:     Arthur G. Telegen, Esq.
        James Marcellino, Esq.

## Matos, Alicia

**From:**     ncolby@mwe.com
**Sent:**     Tuesday, December 28, 2004 3:53 PM
**To:**       Matos, Alicia
**Cc:**       jmarcellino@mwe.com
**Subject:**  SBERA's Responses to Defendants' Discovery Requests

Alicia,

I spoke with Jim regarding your request for additional time to respond to our discovery requests. The extension is fine with us, and we will look for your responses on January 21st.

Also, with respect to your letter dated 12/22/04, while we contend that our responses to SBERA's interrogatories are complete, we are currently following up with our clients to ensure that all responsive information has been provided to you.

Thank you.

Nicole Colby Longton, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775
Phone: (617) 535-4475
Fax: (617) 535-3800

---

"Matos, Alicia" <AMatos@foleyhoag.com>

12/27/2004 03:12 PM

To:      <ncolby@mwe.com>

cc:

Subject:      SBERA's Responses to Defendants' Discovery Requests

Nicole,

I would like to ask you for some additional time to respond to defendants' discovery requests. Would it be all right if I provided you those responses by January 21st?

Also, just to confirm I have now received the signature pages for all of the defendants' responses to interrogatories.

Thanks,
Alicia

************************************

Alicia Alonso Matos
Labor & Employment
Foley Hoag LLP
155 Seaport Boulevard

2/3/2005

Boston, MA  02210-2600
amatos@foleyhoag.com
tel: (617) 832-3016
fax: (617) 832-7000

*************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and
may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure,
copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the
sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
*************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

2/3/2005



# FOLEY
# HOAG LLP
### ATTORNEYS AT LAW

Alicia Alonso Matos
Boston Office
617.832.3016
amatos@foleyhoag.com

January 12, 2005

**Via U.S. Mail**

Nicole Colby Longton, Esq.
McDermott Will & Emery
28 State Street
Boston, MA 02109-1775

Re:     SBERA v. East Boston Savings Bank et al.
        USDC, Civil Action No. 04-11545-EFH

Dear Nicole:

I write in follow up to my letter of December 22, 2004 regarding the defendants' incomplete responses to SBERA's interrogatories. In your e-mail of December 28, 2004, you stated that you would be following up with your clients regarding these responses, but I have heard nothing further.

As you are aware, we have a scheduling conference in this matter on February 22, 2005. In anticipation of this conference, I would like to have complete responses from the defendants as soon as practicable.

Should such supplemental responses not be forthcoming, we will be filing a motion to compel. Please contact me by January 19, 2004 to let me know the status of the responses.

Very truly yours,

Alicia Alonso Matos

cc:     James J. Marcellino, Esq.
        Arthur G. Telegen, Esq.

FHBOSTON/1155649.1



Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

January 25, 2005

Alicia Alonso Matos
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210

Dear Alicia:

We have received your letter of January 12, 2005. We have contacted each of our clients, and at this time have no additional information to provide to SBERA.

As you know, we believe that SBERA's withdrawal fees are penalties designed to prevent banks from withdrawing from SBERA, in that the assessed fees bear no reasonable relationship to SBERA's anticipated or actual costs.

This case is ultimately a very simple one, and will turn on documents that are virtually exclusively within the control of your client, namely those addressing the anticipated and actual costs incurred as a consequence of a member withdrawals. SBERA's own documents will demonstrate how SBERA arrived at the withdrawal fees, whether SBERA could have ascertained the actual amount it expended or expected to expend as a result of the withdrawal, and how SBERA's actual costs related to the fees it imposed.

Also, please note that the law governing our clients' membership in SBERA has changed significantly since the inception of their membership. Effective January 1, 2004, SBERA was no longer named as the exclusive provider of qualified retirement plans to Massachusetts savings banks. More specifically, pursuant to M.G.L. Chapter 168, Section 39, beginning January 1, 2004, members of SBERA were free to withdraw and establish or provide qualified retirement plans independent of your client.

At first glance, it would appear that your production does not include documents relating to this change in legislation. Accordingly, we will be following up with additional discovery requests relevant to this topic. Also, to the extent that SBERA received legal advice with respect to the legislation and their effect on termination fees, we will be following up on that. We are not now asserting that there is any conflict of interest, but we do note that according to the meeting

Alicia Alonso Matos
Foley Hoag LLP
January 25, 2005
Page 2

minutes SBERA has produced, Foley Hoag was representing SBERA at all relevant times, and of course we reserve our rights in this regard as we move forward.

Thank you.

Very truly yours,

*Nicole Colby Longton*

Nicole Colby Longton, Esq.

NCL/tp

BST99 1443593-1.069465.0011