UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAVINGS BANKS EMPLOYEES RETIREMENT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>EAST BOSTON SAVINGS BANK; BERKSHIRE BANK; CAPE COD FIVE CENTS SAVINGS BANK; SOUTH SHORE SAVINGS BANK; and WORONOCO SAVINGS BANK,<br><br>Defendants. | CIVIL ACTION NO. 04-11545-EFH |

**PARTIES' JOINT PRE-TRIAL STATEMENT**

Plaintiff Savings Banks Employees Retirement Association ("SBERA" or "Plaintiff") and Defendants East Boston Savings Bank, Berkshire Bank, Cape Cod Five Cents Savings Bank, South Shore Savings Bank, and Woronoco Savings Bank (collectively "Defendant Banks") hereby submit the following joint pre-trial statement, pursuant to the Court's December 14, 2005 Order.

Plaintiff asserts the following counts to be tried: Count I (breach of contract) and Count II (violation of Mass. Gen. L. ch. 93A).

I.   Uncontested Facts

1. SBERA is an entity created by the Massachusetts General Court, pursuant to Mass. Gen. L. ch. 168 § 39, for the purpose of administering, on behalf of Massachusetts savings banks, employee retirement plans which are qualified under Section 401 of the Federal Internal Revenue Code.

B3173022.1

2. Defendant Banks are all Massachusetts savings banks which, until 2004, had been long-time participants in SBERA.

3. The Board of Trustees of SBERA is made up of representatives of member banks elected by SBERA as a whole.

4. Section 2.3 of SBERA's by-laws provides that the Trustees "shall make such rules and regulations for such administration as they deem necessary." Section 2.3 of the by-laws provides that "assessments may be authorized by the Trustees at any regular or special meeting."

5. On or about September 24, 1998, SBERA's Board of Trustees voted on and passed a resolution providing for a termination assessment equal to two years annual assessment to be imposed on participating banks upon their withdrawal from SBERA.

6. On or about November 17, 1998, SBERA's Board of Trustees again discussed the issue of termination fees. At that meeting, the Board again voted that "[m]ember banks terminating or in the process of terminating a plan with SBERA will be charged an additional assessment by SBERA which will be equal to two years assessments based on the number of participants at the time of termination notification to SBERA."

7. Present for that vote was then- SBERA Trustee, Robert Verdonck, President of East Boston Savings Bank, who abstained.

8. All member banks, including Defendant Banks, were aware of the Board of Trustees' resolution.

9. Prior to January 1, 2004, membership of savings banks in SBERA was mandatory pursuant to Mass. Gen. L. ch. 168 § 39. The only way a bank could withdraw from SBERA was if it merged with or was acquired by a non-SBERA bank.

10. As of January 1, 2004, Mass. Gen. L. ch. 168 § 39 was amended such that membership in SBERA became voluntary.

11. On various dates in 2004, after the effective date of the statute, Defendant Banks withdrew from SBERA.

12. SBERA assessed Defendant Banks termination fees and issued invoices in the following amounts:

      a.    East Boston Savings Bank:
           March 8, 2004             $37,322.00

      b.    Berkshire Bank:
           July 6, 2004               $ 55,997.44

      c.    Cape Cod Five Cents Savings Bank:
           March 8, 2004             $52,662.08

      d.    South Shore Savings Bank[1]:
           January 13, 2004         $35,840.56

      e.    Woronoco Savings Bank:
           January 13, 2004         $33,180.64

13. Each of the Defendant banks has refused to pay the fees and has alleged that the fees constitute unreasonable penalties.

II.    <u>Issues To Be Tried</u>

    A.    <u>Plaintiff's Statement of Issues to Be Tried</u>

    1.    Whether Defendant Banks failed to satisfy an obligation to SBERA to pay termination fees equal to two years annual assessment when they withdrew from SBERA.

---

[1] On September 30, 2004 Horizon Bank & Trust also withdrew from SBERA and was assessed a fee of $8,508.08. Horizon Bank & Trust has since been acquired by Defendant South Shore Savings Bank. Therefore, SBERA seeks to recover this fee from South Shore Savings Bank as successor-in-interest to Horizon Bank & Trust.

2.      Whether by withdrawing from SBERA with the express intention of not paying the termination fees, while having accepted the benefit of the assessment resolution since 1998, Defendant Banks committed an unfair business practice in violation of Mass. Gen. L. ch. 93A.

B.      Defendants' Statement of Issue to Be Tried

1.      Whether the termination fees sought by SBERA constitute an unenforceable penalty.

III.    Witnesses

Thomas Forese, Jr., President and Plan Administrator, SBERA

Christopher Hulse, Senior Vice-President, SBERA

Peter Timmons, Actuary, SBERA

Robert Verdonck, President, East Boston Savings Bank

Arthur Warren


The parties reserve the right to submit other filings with the Court in anticipation of trial.

- 5 -

Respectfully submitted,

| | |
|---|---|
| EAST BOSTON SAVINGS BANK, CAPE COD FIVE CENT SAVINGS BANK, SOUTH SHORE SAVINGS BANK, and WORONOCO SAVINGS BANK, | SAVINGS BANK EMPLOYEES RETIREMENT ASSOCIATION, |
| by their attorneys, | by its attorneys, |
| s/Nicole Colby Longton | s/Alicia Alonso Matos |
| James J. Marcellino, Esq., BBO # 318840<br>Nicole Colby Longton, Esq., BBO # 657478<br>MCDERMOTT WILL & EMERY, LLP<br>28 State Street<br>Boston, MA 02109-1775<br>(617) 535-4045 | Arthur G. Telegen, BBO # 494140<br>Alicia Alonso Matos, BBO # 651154<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>(617) 832-1000 |
| Dated: March 13, 2006 | Dated: March 13, 2006 |

B3173022.1                                        - 5 -