UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAVINGS BANKS EMPLOYEES RETIREMENT ASSOCIATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-11545-EFH |
| EAST BOSTON SAVINGS BANK; BELMONT SAVINGS BANK; CAPE COD FIVE CENTS SAVINGS BANK; BRIDGEWATER SAVINGS BANK; SOUTH SHORE SAVINGS BANK; BERKSHIRE SAVINGS BANK; and WORONOCO SAVINGS BANK, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

DEFENDANTS' OBJECTIONS TO SBERA'S
LIST OF PROPOSED EXHIBITS

Defendants East Boston Savings Bank, Cape Cod Five Cents Savings Bank, South Shore Savings Bank, and Berkshire Savings Bank (collectively, "Defendant Banks"), hereby submit the following objections to Savings Bank Employees Retirement Association's ("SBERA")'s List of Proposed Exhibits.

1.   The Defendant Banks have no objection to SBERA's proposed Exhibit 1 (By-Laws of SBERA).

2.   The Defendant Banks have no objection to SBERA's proposed Exhibit 2 (September 24, 1998 Minutes of the Meeting of the Trustees of SBERA) (Deposition of Arthur Warren, Exhibit 12).

3.       The Defendant Banks have no objection to SBERA's proposed Exhibit 3 (November 17, 1998 Minutes of the Meeting of the Trustees of SBERA) (Deposition of Robert Verdonck, Exhibit 1).

4.       The Defendant Banks object to SBERA's use of its proposed Exhibit 4[1] at trial on the grounds that this document constitutes inadmissible hearsay under Rule 801 of the Federal Rules of Evidence.  Proposed Exhibit 4 is at best, a self-serving memorandum that SBERA created well after the relevant events, in order to justify its actions toward SBERA members. The caselaw is clear that the business records exception to the hearsay rule simply cannot extend to such documents.  *See Hiram Ricker & Sons v. Students International Meditation Soc.,* 501 F.2d 550, 554 (1st. Cir. 1974) (a document created after the relevant events, and containing information based solely on employees' reports did not fall under business record exception because it was double hearsay: the entries themselves were a form of hearsay, and the information from employees on which the author based those entries was separate hearsay)*; Long Term Capital Holdings, et. al. petitioners v. United States of America,*330 F. Supp. 2d 122, n22 (D. Conn. 2004) (finding that a memorandum to the file was admissible at trial only for the limited purpose of demonstrating state of mind, *and not for the truth of the statements* contained therein.) (emphasis added).

It is well established that for a document to be admissible under Rule 803(6), it has to be made "at or near the time" of the events recorded.  *Petrocelli v. Gallison*, 679 F.2d 286, 289 (1st Cir. 1982); J. Weinstein & M. Berger, *Weinstein's Evidence* para. 803(6) [.05] (1987).  In addition to contemporaneity, Rule 803(6) requires that the document be made in the course of a

---

[1] , ("Hand Out SBERA Board Meeting May 6, 2003, Termination Fees – A Recap")(Deposition of Arthur Warren, Exhibit 8),

regularly conducted activity of the business. *Id.* Moreover, to be admissible as business records exception to the hearsay rule, the documents must have the "earmarks of reliability" or "probability of trustworthiness." *Palmer v. Hoffman*, 318 U.S. 109, 114 (1943). Indeed, without some indication of reliability, including evidence that a document was drafted contemporaneously with the relevant events, and in the course of a regularly conducted business activity, there is no basis for applying the business record exception. *Willco Kuwait (Trading) S.A.K. v. De Savary*, 843 F.2d 618, 628 (1st Cir. 1988).

SBERA's proposed Exhibit 4 does not satisfy any of the necessary criteria for satisfying the business records exception. Indeed, the proposed Exhibit 4 fails to include a date, the identity of the author, or any evidence that it was created in the course of a regularly conducted activity. Moreover, there is strong evidence that the proffered exhibit was drafted for the sole purpose of supporting SBERA's position in anticipated litigation with its members. Courts routinely refuse to apply the business records exception under these circumstances where documents lack any indicia of reliability and were not drafted in the ordinary course of business, but rather with an eye toward litigation. *See Palmer v. Hoffman*, 318 U.S. 109, 114 (1943) (accident report prepared by a railroad company employee not admissible because the Court concluded that it was prepared basically for use in the litigation).

        Respectfully Submitted,

        EAST BOSTON SAVINGS BANK,
        CAPE COD FIVE CENTS SAVINGS BANK,
        SOUTH SHORE SAVINGS BANK, and
        BERKSHIRE BANK,

        by their attorneys,

        /s/ Nicole A. Colby Longton
        _____
        James J. Marcellino, Esq., BBO # 318840
        Nicole A. Colby Longton, Esq., BBO # 657478
        MCDERMOTT WILL & EMERY, LLP
        28 State Street
        Boston, MA  02109-1775
        (617) 535-4045

Dated:  March 27, 2006

BST99 1496622-1.069465.0011