UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAVINGS BANKS EMPLOYEES RETIREMENT ASSOCIATION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-11545-EFH |
| EAST BOSTON SAVINGS BANK; BELMONT SAVINGS BANK; CAPE COD FIVE CENTS SAVINGS BANK; BRIDGEWATER SAVINGS BANK; SOUTH SHORE SAVINGS BANK; BERKSHIRE BANK; and WORONOCO SAVINGS BANK, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' SUPPLEMENTAL
OBJECTION TO SBERA'S PROPOSED EXHIBIT 5**

Defendants East Boston Savings Bank, Cape Cod Five Cents Savings Bank, South Shore Savings Bank, and Berkshire Bank (collectively, the "Banks"), hereby submit the following objection to Savings Bank Employees Retirement Association's ("SBERA")'s Proposed Exhibit 5, "Benchmarking Reviews of Administrative Services and Fees," SBERA Board Meeting, March 27, 2001, Prepared by William M. Mercer, Incorporated.

As an initial matter, SBERA asserts in its proposed list of exhibits that it only intends to offer Proposed Exhibit 5 to the extent that the Defendant Banks introduce "documents" regarding the relationship between NRS and SBERA. Because the Defendant Banks do not intend to enter any exhibits at trial – including documents detailing the relationship between NRS and SBERA – the Banks' objection at this juncture is likely unnecessary. Nonetheless, out

of an excess of caution, the Banks hereby reserve their right to object to this document's admissibility to the extent that SBERA seeks to introduce it at trial.

Proposed Exhibit 5 is, on its merits, inadmissible, because it constitutes hearsay under Rule 801 of the Federal Rules of Evidence. To the extent SBERA intends to introduce this exhibit to bolster its claims that SBERA's fees, including the post-termination fees at issue in this litigation, were in fact reasonable, the exhibit is being offered for the truth of the matter asserted, and it constitutes hearsay. Nor does this exhibit fall within any exception to the hearsay rule.

As with proposed Exhibit 4, this report was created years after the relevant events – namely the 1998 by-law in which SBERA voted to impose a post-termination fee on departing banks. SBERA's attempt to affix this third party report to its board meeting minutes, presumably in an effort to satisfy the business records exception to the hearsay rule, is unavailing. The caselaw is clear that the business records exception to the hearsay rule simply does not extend to such a document. *See Hiram Ricker & Sons v. Students International Meditation Soc.,* 501 F.2d 550, 554 (1st. Cir. 1974) (a document created after the relevant events, and containing information based solely on employees' reports did not fall under business record exception because it was double hearsay: the entries themselves were a form of hearsay, and the information from employees on which the author based those entries was separate hearsay)*; Long Term Capital Holdings, et. al. petitioners v. United States of America,* 330 F. Supp. 2d 122, n22 (D. Conn. 2004) (finding that a memorandum to the file was admissible at trial only for the limited purpose of demonstrating state of mind, *and not for the truth of the statements* contained therein.) (emphasis added).

Moreover, from the outset, the Banks have inquired about the relationship between SBERA and NRS, a for-profit corporation, to which, according to SBERA, this document is relevant. SBERA, however, never disclosed in discovery that anyone from William M. Mercer, Incorporated had discoverable knowledge, or that SBERA intended to call a representative of the corporation as a witness at trial. Indeed, the undersigned counsel for the Banks believes that they did not receive a copy of proposed Exhibit 5 from SBERA until March 30, 2006.

SBERA, it seems, is attempting to admit into evidence a consultant's report regarding SBERA's business practices. It seems that SBERA seeks to introduce expert opinion "testimony" through the subject report, a clearly impermissible tactic. Such an attempt to evade the evidentiary rules by seeking to admit expert testimony, without providing the Banks with an opportunity to conduct cross-examination, and assess the proposed evidence under the applicable *Daubert* standards, should not be permitted. There is no basis for allowing SBERA to admit this report into evidence, because it contains none of the "earmarks of reliability" or "probability of trustworthiness" required to satisfy an exception to the hearsay rule. *Palmer v. Hoffman*, 318 U.S. 109, 114 (1943).

                                                Respectfully Submitted,

                                                EAST BOSTON SAVINGS BANK,
                                                CAPE COD FIVE CENTS SAVINGS
                                                BANK, SOUTH SHORE SAVINGS
                                                BANK, and BERKSHIRE BANK,

                                                by their attorneys,

                                                /s/ Nicole A. Colby Longton
                                                _____
                                                James J. Marcellino, Esq., BBO # 318840
                                                Nicole A. Colby Longton, Esq.,
                                                BBO # 657478
                                                MCDERMOTT WILL & EMERY, LLP
                                                28 State Street
                                                Boston, MA  02109-1775
                                                (617) 535-4045

Dated:  March 31, 2006

BST99 1497238-2.069465.0011


BST99 1497238-3.069465.0011