UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAVINGS BANKS EMPLOYEES RETIREMENT ASSOCIATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-11545-EFH |
| EAST BOSTON SAVINGS BANK; BELMONT SAVINGS BANK; CAPE COD FIVE CENTS SAVINGS BANK; BRIDGEWATER SAVINGS BANK; SOUTH SHORE SAVINGS BANK; BERKSHIRE SAVINGS BANK; and WORONOCO SAVINGS BANK, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' REQUESTED RULINGS OF LAW

1.  Plaintiff has the burden of proof regarding the existence of an enforceable contract.

    *Canney v. New England Telephone & Telegraph Co.*, 353 Mass. 158, 164 (1967) (In a

    contract action the plaintiff has the burden of showing the following elements by a

    preponderance of the evidence: (1) an offer; (2) an acceptance; (3) consideration; (4)

    breach; and (5) damages).

2.  To the extent a contract exists here, it is self-interested and SBERA bears the burden of

    proving its validity.  *See Geller v. Allied-Lyons PLC,* 42 Mass. App. Ct. 120, 125 n.8, 674

    N.E.2d 1334 (1997) ("When a self-interested contract is challenged, the burden is on the

    fiduciary to prove its fairness").

3.  The Defendant Banks have the burden of proof on the affirmative defense of penalty.

    *Honey Dew Associates, Inc v. M & K. Food Corp.*, 241 F. 3d 23, 27 (1st. Cir. 2004).

4.      To prove a penalty under Massachusetts law, the Banks must show that SBERA's

anticipated post-termination costs were not difficult to determine, and the fees it imposed

are not a reasonable approximation of its expected costs.  *A-Z Servicenter v. Segall,* 334

Mass. 672 (1956) (citations omitted).  *See also Restatement (Second) of Contracts*, §

356(1) ("Damages for breach by either party may be liquidated in the agreement but only

at an amount that is reasonable in the light of the anticipated or actual loss caused by the

breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated

damages is unenforceable on the grounds of public policy as a penalty.").

5.      The legislative mandate for SBERA incorporates ERISA and its fiduciary obligations.

*See M.G.L. c. 168, Section 39.*

6.      SBERA's by-laws explicitly acknowledge that ERISA applies.

7.      Fiduciary obligations under ERISA are "the highest known to law." *Donovan v.*

*Bierwirth*, 680 F. 2d 263, 272, n.8 (2d. Cir. 1982).

8.      This Court has the power under ERISA to fashion the common law based on the law of

trusts to construe ambiguous statutory language and fill gaps in the statute.  *See Firestone*

*Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110-15 (1989).

9.      To the extent there is a provable contract between SBERA and the Banks, this contract

contains an implied covenant of good faith and fair dealing.  *Warner Ins. Co. v.*

*Commissioner of Ins*. 406 Mass. 354, 362 (1990).

10.     As with shareholders in a close corporation, SBERA owed an elevated fiduciary duty to

the Banks.  *Donahue v. Rodd Electrotype Co*., 367 Mass. 578, 585-586 (1975).

11.    As a matter of law, SBERA owed the Banks a heightened fiduciary duty.

                                        Respectfully Submitted,
                                        EAST BOSTON SAVINGS BANK,
                                        CAPE COD FIVE CENTS SAVINGS
                                        BANK, SOUTH SHORE SAVINGS
                                        BANK, and BERKSHIRE BANK,

                                        by their attorneys,

                                        /s/ Nicole A. Colby Longton

                                        _____
                                        James J. Marcellino, Esq., BBO # 318840
                                        Nicole A. Colby Longton, Esq.,
                                        BBO # 657478
                                        MCDERMOTT WILL & EMERY, LLP
                                        28 State Street
                                        Boston, MA  02109-1775
                                        (617) 535-4045

        Dated:  April 3, 2006

BST99 1497449-1.069465.0011