UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAVINGS BANKS EMPLOYEES RETIREMENT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>EAST BOSTON SAVINGS BANK; BERKSHIRE BANK; CAPE COD FIVE CENTS SAVINGS BANK; SOUTH SHORE SAVINGS BANK; and WORONOCO SAVINGS BANK,<br><br>Defendants. | CIVIL ACTION NO. 04-11545-EFH |

## SAVINGS BANKS EMPLOYEES RETIREMENT ASSOCIATION'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Savings Banks Employees Retirement Association ("SBERA") hereby requests that the Court enter the proposed findings of fact and conclusions of law set forth below.

The parties have stipulated to the following facts:

1. SBERA is an entity created by the Massachusetts General Court, pursuant to Mass. Gen. L. ch. 168 § 39, for the purpose of administering, on behalf of Massachusetts savings banks, employee retirement plans which are qualified under Section 401 of the Federal Internal Revenue Code.

2. Defendant Banks are all Massachusetts savings banks which, until 2004, had been long-time participants in SBERA.

3. The Board of Trustees of SBERA is made up of representatives of member banks elected by SBERA as a whole.

B3183529.2

4. Section 2.3 of SBERA's by-laws provides that the Trustees "shall make such rules and regulations for such administration as they deem necessary." Section 2.3 of the by-laws provides that "assessments may be authorized by the Trustees at any regular or special meeting."

5. On or about September 24, 1998, SBERA's Board of Trustees voted on and passed a resolution providing for a termination assessment equal to two years annual assessment to be imposed on participating banks upon their withdrawal from SBERA.

6. On or about November 17, 1998, SBERA's Board of Trustees again discussed the issue of termination fees. At that meeting, the Board again voted that "[m]ember banks terminating or in the process of terminating a plan with SBERA will be charged an additional assessment by SBERA which will be equal to two years assessments based on the number of participants at the time of termination notification to SBERA."

7. Present for that vote was then- SBERA Trustee, Robert Verdonck, President of East Boston Savings Bank, who abstained.

8. All member banks, including Defendant Banks, were aware of the Board of Trustees' resolution.

9. Prior to January 1, 2004, membership of savings banks in SBERA was mandatory pursuant to Mass. Gen. L. ch. 168 § 39. The only way a bank could withdraw from SBERA was if it merged with or was acquired by a non-SBERA bank.

10. As of January 1, 2004, Mass. Gen. L. ch. 168 § 39 was amended such that membership in SBERA became voluntary.

11. On various dates in 2004, after the effective date of the statute, Defendant Banks withdrew from SBERA.

12. SBERA assessed Defendant Banks termination fees and issued invoices in the following amounts:

|   |   |   |
|---|---|---|
| a. | East Boston Savings Bank:<br>March 8, 2004 | $37,322.00 |
| b. | Berkshire Bank:<br>July 6, 2004 | $ 55,997.44 |
| c. | Cape Cod Five Cents Savings Bank:<br>March 8, 2004 | $52,662.08 |
| d. | South Shore Savings Bank[1]:<br>January 13, 2004 | $35,840.56 |
| e. | Woronoco Savings Bank:<br>January 13, 2004 | $33,180.64 |

13. Each of the Defendant banks has refused to pay the fees and has alleged that the fees constitute unreasonable penalties.

## Proposed Findings of Fact

1. The termination fees assessed Defendant Banks by SBERA were calculated in accordance with the twice-annual fee policy.

2. The Trustees' actions were reasonable and appropriate under the circumstances.

## Proposed Conclusions of Law

1. The SBERA Board of Trustees had the authority to pass the termination fees resolution.

2. By refusing to pay the termination fees, Defendant Banks are in breach of their obligation to SBERA to pay.

3. The Defendant Banks owe SBERA the termination fees.

---

[1] On September 30, 2004 Horizon Bank & Trust also withdrew from SBERA and was assessed a fee of $8,508.08. Horizon Bank & Trust has since been acquired by Defendant South Shore Savings Bank. Therefore, SBERA seeks to recover this fee from South Shore Savings Bank as successor-in-interest to Horizon Bank & Trust.

Respectfully submitted,

SAVINGS BANK EMPLOYEES
RETIREMENT ASSOCIATION,

by its attorneys,

  s/Alicia Alonso Matos
Arthur G. Telegen, BBO # 494140
Alicia Alonso Matos, BBO # 651154
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: April 3, 2006